UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRYPTO TRADERS MANAGEMENT, LLC, a dissolved Idaho limited liability company; and SHAWN CUTTING, an individual,<br><br>Movant,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Respondent. | Case No. 1:21-mc-00375-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (Dkt. 1). The Court has determined that oral argument will not significantly assist the decisional process; therefore, the matter will be resolved without a hearing. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion and enforce the subpoena.

## BACKGROUND

On December 22, 2020, Respondent United States Securities and Exchange

Commission (SEC) issued a subpoena to Washington Federal, N.A. for bank records in the name of Shawn Cutting. The SEC sought these documents pursuant to an initial order of investigation issued on October 1, 2020, captioned, "Order Directing Private Investigation and Designating Officers to Take Testimony in the Matter of Crypto Traders Management, LLC." (*See Def.'s Resp.*, Dkt. 4 at 2-5). The SEC issued the subpoena in connection with a law enforcement inquiry into whether Crypto Traders Management (CTM) may have purchased, sold, or offered for sale securities, in violation of the antifraud, securities registration, and broker-dealer registration provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. The SEC has obtained evidence that Cutting operated an illegal investment scheme, misappropriated money invested with CTM, and moved investor money between various bank accounts–including his personal bank accounts.

On January 7, 2020, Cutting and CTM filed a motion to quash the SEC's subpoena to Washington Federal on the basis that the records sought are not relevant to the legitimate law enforcement inquiry and that the subpoena seeks personal and confidential information.

## LEGAL STANDARD

The Government may obtain financial records pursuant to an administrative

subpoena only if: (1) "the records sought are relevant to a legitimate law enforcement inquiry;" and (2) "a copy of the subpoena or summons has been served upon the customer or mailed to his last known address on or before the date on which the subpoena or summons was served on the financial institution" together with a notice stating "with reasonable specificity" the nature of the law enforcement inquiry." 12 U.S.C. § 3405. Under the Right to Financial Privacy Act of 1978 (RFPA), 12 U.S.C. §§ 3401-22, a customer may file a motion to quash a subpoena for bank records. There are two grounds on which a customer may challenge the release of his financial records: (1) that the government has not met the RFPA requirements; or (2) that the financial records sought are not relevant to a legitimate law enforcement inquiry. 12 U.S.C. §§ 3410(a)(1)–(2). The RFPA requires that all customer motions to quash contain an affidavit or sworn statement stating the reasons the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of the RFPA. The applicant must file an objection within 10 days of service or within fourteen days of mailing. 12 U.S.C. § 3410(a)(2).

## ANALYSIS

CTM and Cutting move to quash the subpoena under the Right to Financial

Privacy Act of 1978. They do not argue that SEC failed to comply with procedural requirements, or that the SEC's inquiry is not a legitimate law enforcement inquiry. Their only argument is that the records are not relevant to the law enforcement inquiry stated in the Customer Notice provided by SEC.

A. **Eligibility to Challenge the Subpoena**

The first issue before the Court is whether Cutting or CTM have standing to challenge the subpoena under the RFPA. Only a customer may bring a challenge to a subpoena under the RFPA. 12 U.S.C. § 3410(a). A customer is defined as "any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name." 12 U.S.C. 3401(5). A person is defined as "an individual or a partnership of five or fewer individuals." 12 U.S.C. 3401(4). There is no dispute that Cutting is a customer and may challenge the subpoena under the RFPA. However, as a limited liability company, CTM does not qualify as a customer and cannot challenge the subpoena. *Exchange Point LLC v. U.S. S.E.C.*, 100 F.Supp.2d 172, 176 (S.D.N.Y. 1999).

B. **Reasonable Belief that the Records Sought Are Relevant to the Law Enforcement Inquiry**

Next, the Court must determine whether the records sought are relevant to

the SEC's legitimate law enforcement inquiry. The Court must deny the motion to quash if there is "a reasonable belief that the records sought are relevant" to a legitimate law enforcement inquiry. 12 U.S.C. § 3140(c). "[I]f the material sought by the subpoena "touches on a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant." *Han v. Securities and Exchange Commission,* MC 19-68 PSG (AFMX), 2019 WL 4543099, at *3 (C.D. Cal. July 20, 2019).

Here, the SEC is investigating possible securities fraud violations committed by Cutting and CTM. The SEC has obtained evidence that suggests Cutting operated an illegal investment scheme and moved funds invested with CTM among several bank accounts—including personal accounts. There is also evidence that Cutting withdrew large amounts of cash from CTM bank accounts and spent investor money to purchase real estate, vehicles, and other items. The records sought may provide information regarding the amount of money raised by Cutting and CTM, and what happened to investors' money. The records may also identify other persons or entities involved in the scheme and potential victims of the scheme that are not yet known. Additionally, the records may help the SEC trace the proceeds from the transactions under investigation for possible disgorgement. Thus, the Court finds that the records sought by SEC are relevant to a legitimate

law enforcement inquiry and there is no basis to quash the subpoena.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act 1978 (Dkt. 1) is **DENIED**.

DATED: May 4, 2021

B. Lynn Winmill
U.S. District Court Judge